BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
DAVID G. ROBINS, IDAHO STATE BAR NO. 8494
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERALD REUTZEL,<br><br>Defendant. | Case No. 1:20-mj-00328-REB<br><br>**MOTION FOR ORDER EXTENDING TIME FOR FILING INDICTMENT PURSUANT TO 18 U.S.C. § 3161(b) and (h)(7)** |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney, hereby moves this Court to enter an order, pursuant to 18 U.S.C. § 3161(b) and (h)(7), extending the time to return an indictment against the Defendant, for an additional 30 days, and find that the period of delay in returning an indictment or holding trial, from the time of arrest to thirty days from such an order, is excludable time under the Speedy Trial Act.

Due to the COVID-19 pandemic, this Court cancelled the Grand Jury proceedings in December 2020, and January 2021. As such, no Grand Jury has been in session since the Defendant was charged by complaint on November 20, 2020. The Government submits that continuing the time to return an indictment in this case serves the ends of justice and outweighs the best interest of public and the Defendant in a speedy indictment.

MOTION FOR ORDER EXTENDING TIME PURSUANT TO 18 U.S.C. § 3161(b) - 1

BACKGROUND

This Court convened a Grand Jury in September 2020 to hear all criminal cases arising in the District for a period of 9 months.  The Grand Jury has met in Boise on the second Tuesday of each month, and has heard criminal cases from the entire district, including those arising from the Coeur d'Alene and Pocatello branch offices of the U.S. Attorney's Office.  This plenary Grand Jury session is necessary because the Court has been unable to safely seat Grand Juries in Coeur d'Alene and Pocatello due to the COVID-19 pandemic.  As a result, Grand Jury is convened in the District of Idaho only once a month, and last convened on November 10, 2020.

The Defendant was charged by complaint on November 20, 2020. The Defendant is accused of Influencing a Federal Official by Threat in violation of 18 U.S.C. § 115(a)(1)(B) and Cyberstalking in violation of 18 U.S.C. § 2261A(2). These charges stem from a variety of threatening and harassing messages he sent to a specific Special Agent in the Federal Bureau of Investigation. The Government incorporates the criminal complaint and supporting affidavit in this motion. (See ECF # 001). The Defendant is currently detained pending resolution of this matter.

On November 18, 2020, this Court entered General Order 376, suspending jury trials in the District until December 31, 2020, and limiting in-person court hearings to ten persons or less in the courtroom.  General Order 376 did not suspend Grand Jury proceedings.  However, this Court informed the U.S. Attorneys' Office that the December 2020 Grand Jury proceedings would be cancelled due to safety concerns arising from the increasing number of COVID-19 cases in the District.  On December 14, 2020, this Court entered General Order 382, extending the time to Indict an individual charged by complaint, an extra 30 days pursuant to 18 U.S.C. § 3161(b).

On December 22, 2020, this Court entered General Order 384, suspending jury trials in the District until January 31, 2021, and limiting in-person court hearings to ten persons or less in the courtroom.  General Order 384 did not suspend Grand Jury proceedings, but rather stated that "the Court will determine whether Grand Jury proceedings will occur in January 2021 as the date for those proceedings approaches."  On January 4, 2021, the Court notified the Government that the January Grand Jury proceedings would be cancelled due to the COVID-19 pandemic.

Grand Jury proceedings in the District have not commenced since November 10, 2020. The next Grand Jury session is scheduled for February 9, 2021, which will be over 60 days since the date the Defendant was charged by complaint.

## APPLICABLE LAW

The Speedy Trial Act, 18 U.S.C. § 3161(b), states:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.  If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

The Speedy Trial Act also provides that certain periods of delay shall be excluded in computing the time within which an indictment or information must be filed.  *See* 18 U.S.C. § 3161(h).

Included in those periods of delay are

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7).  In order to grant a continuance and exclude such time from the speedy trial computation, the Court must set forth, in the record of the case, either orally or in writing, its

reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *See id.*

The Speedy Trial Act requires the Court to consider several factors in determining whether to grant a continuance and exclude the time. *See* 18 U.S.C. § 3161(h)(7)(B). Pertinent to this motion are the following factors:

(i)    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuance of such proceeding impossible, or result in a miscarriage of justice.

(iii)    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

A defendant who is being detained on a complaint also has a right to have a jury trial within 90 days of the commencement of such detention, provided that the detention is solely because the defendant is awaiting trial, or if the defendant has been designed by the attorney for the Government as being high risk. *See* 18 U.S.C. § 3164. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section. *See* 18 U.S.C. § 3164(b).

## ANALYSIS

This Court should enter an order continuing the time to indict the Defendant an additional 30 days and find that the time since the filing of the complaint shall be excluded in computing the time within which an indictment must be filed or trial must be held. Such a continuance and

exclusion of time serves the ends of justice and outweighs the best interest of the public and the Defendant in a speedy indictment and trial.

In General Orders 376 and 384, this Court ordered that all jury trials be continued.  In those Orders, the Court cited to the COVID-19 pandemic and Idaho Governor Brad Little's staged approach for reopening Idaho during the COVID-19 pandemic as justifying continuing all jury trials and excluding the period of the continuances under the Speedy Trial Act.  In General Order 376, this Court cited to the Stay Healthy Order issued by Governor Little and the Idaho Department of Health and Welfare on November 14, 2020.  The Stay Healthy Order sought to reduce gatherings to less than 10 people in order to reduce the spread of COVID-19 infections. This Court, in an effort to comply with the Stay Healthy Order, and to do its part in reducing gatherings and the spread of the virus in Idaho, continued all jury trials and limited in-person hearings to 10 persons or less in the courtroom.

This Court's decision to cancel Grand Jury in December and January was also based on the desire to comply with the Stay Healthy Order and prevent spread of the COVID-19 virus.  A Grand Jury proceeding includes at least 16, and up to 23, Grand Jurors, a court reporter, an attorney for the Government, and a witness, in a single secured location.  Thus, this Court cancelled the Grand Jury proceedings to comply with the Stay Healthy Order and limit gatherings to less than 10 people.

This Court recognized the effect the Grand Jury cancellation has on the 30-day time period to indict defendants charged by complaint, and issued General Order 382, which extended the time to indict by an additional 30 days.  However, that extension is about to expire in this case, and 18 U.S.C. § 3161(b) does not explicitly provide for an additional 30-day extension. However, this Court can continue the time period to indict, and find that the period during which

no Grand Jury was in session is excludable from the Speedy Trial Act's 30-day requirement, under 18 U.S.C. § 3161(h)(7).  This Court should also find this time excludable in the computation of the 90-day period in which trial must commence for a defendant who is detained under 18 U.S.C. § 3164.

Specifically, this Court should find, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), that the failure to continue the time period to indict would make a continuation of the proceedings impossible and result in a miscarriage of justice.  This Court has found probable cause for the complaint filed against the Defendant, and the failure to indict within the normal 30-day time period results solely from the cancellation of Grand Jury proceedings due to the COVID-19 pandemic.  Thus, the delay is not attributable to the Government.  Failing to continue the time period would result in dismissal of the complaint, discontinuing the proceedings, and a miscarriage of justice.

Further, this Court should find, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii), that the delay in the filing of the indictment is caused because the arrest occurred at a time such that it is unreasonable to expect return and filing of the indictment within the 30 days required by 18 U.S.C. § 3161(b).  The arrest and filing of the complaint occurred after the last Grand Jury proceedings in November 2020.  Because there have been no Grand Jury proceedings since the filing of the complaint, it has been impossible to present this case to a Grand Jury.  Thus, it would be unreasonable to expect return and filing of the indictment in the time period specified by the Speedy Trial Act.

Finally, without a Grand Jury indictment, trial cannot commence within 90 days of the Defendant's detention.  This Court should find the ends of justice require excluding the time

MOTION FOR ORDER EXTENDING TIME PURSUANT TO 18 U.S.C. § 3161(b) - 6

since the complaint was filed from the 90 days in which a detained defendant must be brought to trial pursuant to 18 U.S.C. § 3164.

This Court has previously found such time excludable due to the cancellation of Grand Jury proceedings as a result of the COVID-19 pandemic. *See United States v. Huerta-Zuniga*, 2:20-mj-00069-REB (ECF 25). In *Huerta-Zuniga*, this Court found the COVID-19 pandemic posed a "barrier to proceeding in the manner dictated by the statutory rules and certainly the ends-of-justice exclusion applies to this situation." *Id.* at 2. This Court suspended the speedy trial clock, stating that "the ends of justice served by allowing additional time outweighed the interest of the public and the defendant in either an indictment or a trial within the original date prescribed by the Speedy Trial Act." *Id*. The Court further found the period of delay to be excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

This Court should enter an identical order in the instant case. The ends of justice exclusion of time applies to this situation. The failure to indict within the 30 days required by the Speedy Trial Act is solely due to the cancellation of Grand Jury proceedings as a result of the COVID-19 pandemic. The failure to extend and exclude the time during which there have been no Grand Jury proceedings in the District would result in a miscarriage of justice.

<u>CONCLUSION</u>

This Court should enter an order extending the time to return an indictment or information against the Defendant for an additional 30 days, and find that the time period since the filing of the complaint is excluded from the requirement in the Speedy Trial Act that an indictment be returned within 30 days, and the requirement that trial be held within 90 days of the Defendant's detention.

Respectfully submitted this 13th day of January, 2021.

BART M. DAVIS
UNITED STATES ATTORNEY


By:

*/s/ David G. Robins*
_____

DAVID G. ROBINS
ASSISTANT UNITED STATES ATTORNEY




CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2021, the foregoing **MOTION FOR ORDER EXTENDING TIME PURSUANT TO 18 U.S.C. § 3161(b)** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| Dennis Benjamin<br>303 West Bannock<br>P.O. Box 2772<br>Boise, Idaho 83701 | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |
| --- | --- |




*/s/ Laura Rodriguez*
Legal Assistant



MOTION FOR ORDER EXTENDING TIME PURSUANT TO 18 U.S.C. § 3161(b) - 8