RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
DAVID G. ROBINS, IDAHO STATE BAR NO. 8494
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JERALD DONALD REUTZEL, <br><br> Defendant. | Case No. CR-21-043-DCN <br><br> GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE |

The United States of America, by and through Rafael M. Gonzalez, Jr., Acting United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, hereby submits this GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE.

**INTRODUCTION**

The Defendant moves to exclude evidence from his trial. (ECF # 31). This evidence includes the Defendant's profane threats leveled at law enforcement and politicians. *Id*. Additionally, such evidence includes a shirt he wore and posted stating "THE QUICKEST WAY TO A MAN'S HEART IS 2,970 FEET PER SECOND" (a shirt implying murder by use of a

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 1

gun). *Id*. The Defendant argues this evidence is irrelevant pursuant to Federal Rule(s) of Evidence (F.R.E.) 402, or in the alternative, that the evidence is substantially more prejudicial than probative pursuant to F.R.E. 403. *Id.*

The Government opposes this motion. The F.R.E. permits evidence that is relevant to an element of the charged offense. Here, as an element, the Government must prove the Defendant subjectively intended a threat or knew that his messages would be viewed as threatening. *Virginia v. Black*, 538 U.S. 343, 359 (2003); *Elonis v. United States*, 575 U.S. 723 (2015). His prior threatening behavior, admonishment to not do so again, and promise to not threaten all prove his subjective intent in this case – to threaten. The evidence is relevant and properly admissible in this case.

## OFFENSE CONDUCT

Starting in February of 2017, the Defendant, a convicted felon, approached the Federal Bureau of Investigation (FBI) and offered to work as a Confidential Human Source (CHS). He was signed as a CHS and FBI Special Agent (SA) Chris Sheehan was his handler. The Defendant gave information and was discharged as a CHS on March 5, 2018.

Prior to his discharge, the Defendant became upset with SA Sheehan, as the Defendant erroneously believed that his criminal record would be expunged for his cooperation. SA Sheehan explained to the Defendant that the FBI could not do that. SA Sheehan offered to assist in gathering information on how he could have his gun rights restored. SA Sheehan contacted the Idaho Department of Probation and Parole, obtained information on that process, and passed it along to the Defendant.

Starting in November of 2017, the Defendant began emailing SA Sheehan. He requested to be put on the FBI's payroll and claimed that the FBI was failing to protect American lives by

not using him as an asset. When SA Sheehan informed the Defendant that he was discharged as a CHS, the Defendant texted Sheehan stating that he was going to threaten all law enforcement officers, the President, and that everyone was going to know about SA Sheehan. The Defendant escalated his conduct by texting SA Sheehan, stating "maybe I should get a job at St. Luke's maternity ward and just wait. Sounds fun doesn't it?" The Defendant knew that SA Sheehan's wife was pregnant. SA Sheehan understood this as a threat to him and his family.

From October 2018 to April 2019, the Defendant continued to send emails and text messages to SA Sheehan, including:

- An email on November 6, 2017, stating, "I have offered my help because like the Texas shooter or I should say shooters Dallas cop killer I am f***** up in the head. Who better to track these mother*****? Fortunately for you Chris, I am on your side for now"

- An email on October 24, 2018, stating, "You lied to me. I am not going away until I get what you promised me. I am going to start making your name famous Chris. As you probably already know I filed a complaint against you, that's not where I'm stopping I am going to keep going until I get what you promised."

- An email on January 2, 2019, in which he told Sheehan he wanted to get him fired and "ruin his life."

- An email on January 2, 2019, in which he told Sheehan that he was "pushing your name around the White House" and accused SA Sheehan of lying to him and the Grand Jury.

- A text message sent on November 14, 2020, wherein the Defendant referenced a violent felon named "Birchfield," who was a fugitive, and stated "I hope he is armed and your first threw the door.  F*** I'll raise a toast Chris was a s***** Agent who put innocent lives in danger may he roast on a never ending fire . . ."

(redactions provided to remove offensive language). In May of 2019, the Defendant spoke to Senior Supervisory Agent (SSA) Doug Hart and SA Rodney Draper at the Boise FBI office. The Defendant wanted the FBI's help to restore his gun rights in Idaho. SSA Doug Hart drafted a

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 3

letter referencing his cooperation and gave it to the Defendant. The Defendant promised to cease contacting SA Sheehan. This was a promise quickly broken.

In June of 2020, the Defendant emailed various Idaho government and law enforcement officials regarding people who have wronged him, including SA Sheehan. He stated "All I ask is SA Sheehan comes thru my door first, come get me coward," once again implying violence against SA Sheehan.

On November 14, 2020, the Defendant texted Sheehan the following:

- You're a f**got piece of s*** Chris you let a 9 year old girl be raped for 4 years you lied and said Eagle PD was notified I called Eagle Pd and they were never notified by you or the FBI. Since that time 2 other girls have been raped I am almost ready F*g I'm getting closer watch your back Sheehan…See ya Monday.

For context, the Defendant provided information about an alleged rape to SA Sheehan, which he forwarded onto the Eagle Police Department. No criminal charges were ever filed.

The Defendant was arrested on November 24, 2020. He elected to speak with law enforcement after being warned of his *Miranda* rights. During his interview, he admitted to stalking SA Sheehan and sending the messages. While his reasons varied throughout the interview, he primarily claimed that he sent the messages to SA Sheehan to bring attention to a rape in Eagle, Idaho. In essence, he admitted the actus reas (sending threats) but denied the mens rea (with intent to threaten).

## OTHER ACTS and CHALLENGED CONDUCT

The Defendant threatened others. There is evidence that the Defendant did the following:

- In April of 2019, the Defendant drove around Canyon County, flipping off officers, and yelled "Kill all Cops" to law enforcement. This happened after he was following law enforcement officers to emergency calls.

- The Defendant, on his Instagram profile picture, wore a shirt that stated, "THE QUICKEST WAY TO A MAN'S HEART IS 2,970 FEET PER SECOND."

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 4

 

- The Defendant threatened various politicians.

  - On June 18, 2018, the Defendant posted to twitter, "You're a f***** piece of shit Brad. I have a surprise for you come Nov 5. Your little f***** b**** Secretary has it coming too."

  - On October 25, 2018, the Defendant posted to twitter, "Child molester Little. Can't wait to piss on your grave a**hole." He also posted, "Fk the White House fk the FBI. Call Chris @ 1 208-914-3827a for a blow job. Honor your word Trump you owe me something…"

  - On October 27, 2018, the Defendant posted to twitter, "There is a place in America for evil. You do it all the time bunch of f******* hypocrites. F*** You my VP… Where's my f****** Pardon.. You still have time but the clock is ticking before I make you cry."

  - On November 6, 2018, the Defendant posted to twitter, "Can't wait to get my hands on you. And if I can't I will your family. Going to take my time and enjoy this you f******* child molester."

- The Idaho State Police visited the Defendant on January 14, 2017 to discuss the threatening messages. The Defendant was confronted. He expressed remorse and told law enforcement he would not post threatening messages again.

## APPLICABLE LAW

*Federal Rules of Evidence 401 and 402*

F.R.E. 402 states that "[r]elevant evidence is admissible … [and] irrelevant evidence is not admissible." F.R.E. 401 provides the test for relevancy. It states, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 5

evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. Simply, if evidence tends to prove something at issue it is relevant and admissible.

*The elements of the crimes charged*

To apply determine relevancy, a Court must identify what needs be proved in this case to determine if the evidence is relevant. In a threat case, as it is here, the Government must prove a "true threat." *Virginia v. Black*, 538 U.S. 343, 359 (2003); *Elonis v. United States*, 575 U.S. 723 (2015). The mens rea of a threat crime is established through proof that a defendant makes a communication for the purpose of issuing a threat or with knowledge that the communication will be viewed as a threat. *Id*.

*Federal Rule of Evidence 404(b)*

Relevant here are "other acts" evidence pursuant to F.R.E. 404(b). Although other acts evidence is not admissible to show that the defendant has a bad character and acted in conformity therewith, it may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. F.R.E. 404(b). To admit evidence under F.R.E. 404, a court must consider whether the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time. *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002). The Government must also show that the evidence is properly admitted after consideration under F.R.E. 403.

*Federal Rule of Evidence 403*

As to F.R.E. 403, evidence may be excluded if the probative value is *substantially* outweighed by the danger of unfair prejudice. "Rule 403 "does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case. Rather, the

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 6

rule only protects against evidence that is unfairly prejudicial." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir.1980); *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir.1990). Additionally, "Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoast to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone." *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir.1998). Consequently, in applying F.R.E. 403, "balance should be struck in favor of admission" as it would otherwise deprive the trier of fact of relevant information in arriving at the truth. *United States v. Dennis*, 625 F.2d 782, 797 (8th Cir.1980). F.R.E. 403 is "an extraordinary remedy to be used sparingly." *United States v. Meester*, 762 F.2d 867, 875 (11th Cir.1985).

## ANALYSIS

*The evidence is relevant pursuant to F.R.E. 401 and 402.*

The evidence is relevant. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. F.R.E. 401. Here, the Government must prove a true threat. The Supreme Court has defined true threats as "those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Black*, 538 U.S. at 359. Whether a statement is a true threat requires a subjective analysis. *See Elonis*, 575 U.S. at 723. The government must prove that the defendant transmitted a communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat (subjective analysis). *Id*.

The evidence at issue proves the Defendant's subjective intent to threaten. The prior threats make it more probable that he intended his communications to SA Sheehan as a threat.

*See* F.R.E. 401. Threats are how he operates. He enhanced his threats by coupling them with a social media avatar picture of him in a threatening shirt. His prior admonition by ISP to stop threatening furthers this conclusion and is relevant to determining his knowledge. This all proves knowledge that his communication would be considered a threat. *Id*. This evidence makes it more probable that he intended a threat when he sent the offending texts and less likely that he was doing this to raise awareness of an alleged child rape. Thus, it is relevant. The evidence proves a material element for which he is charged.

    *The evidence is admissible under F.R.E. 404*

Some of the evidence at issue constitutes other acts that are not inextricably intertwined with charged conduct. Thus, this Court must perform a F.R.E. 404 analysis. In addressing F.R.E. 404 evidence, courts must consider whether the evidence: (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time. *Beckman*, 298 F.3d at 794. These four areas support admissibility in this case. First, the evidence is relevant to an element of the offense – intent, knowledge, and method of operation (as was addressed *supra*). Second, the evidence is not too remote in time, as it was within the timeframe of the substantive threats and occurring concomitantly with harassing messages. Third, the evidence is similar to charged conduct. And forth, the Government can prove conditional relevance as a function of F.R.E. 104 and the *Huddleston* standard. 485 U.S. 681, 690 (1988). In sum, these other acts are not simply offered to show action and/or conformity with bad character, but to show intent, knowledge, method of operation, and absence of mistake. Accordingly, these non-character purposes render the evidence admissible. *See* F.R.E. 404.

    *The evidence is admissible under F.R.E. 403*

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 8

While the evidence may be admissible pursuant to F.R.E. 401, 402, and 404, most evidence is subject to a F.R.E. 403 balancing test.[1] This evidence survives such scrutiny. The primary function of F.R.E. 403 is to limit evidence that poses a substantial risk of causing the jury to find guilt on an emotional basis and not a logical one. *See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). As was stated in *Hankey*:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*Id.*, quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983). Certainly, the evidence here is prejudicial. Yet it is not unfairly so. In this case, the Defendant admitted to the actus reus of the crime. Pragmatically, all that is in dispute is his intent. Thus, this evidence is highly probative. After all, the Defendant claimed his emails and texts were merely to raise awareness for a child rape. He cloaked his criminal conduct in noble intent. Yet, he had previously been contacted by law enforcement and unequivocally told that posts similar to the messages sent SA Sheehan were threats. He acknowledged the same and promised not to make any additional threats. Now he feigns ignorance as to the impact and motivation behind the threats to SA Sheehan in this case. The Government must meet this evidence and argument. The jury must hear all the facts to determine whether the Defendant is telling the truth when he claims he didn't intend any threats.

---

[1] The only exception to a 403 analysis is the admission of *crimen falsi* crimes to show impeachment under F.R.E. 609. No such issues arise in this case.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 9

Moreover, the evidence is not uniquely shocking in the evidentiary universe of this case. The evidence would not cause a conviction predicated upon emotional grounds. Put another way, profane language and repulsive threats will be admitted in evidence already. Any speculative shock by these other threats will be muted by the readily admissible evidence of direct threats to SA Sheehan. The additional threats do not incorporate additional dynamics of racism, sexism, or other such aspects that would compound prejudice and cause a jury to harumph. The additional threats simply provide context and demonstrate the Defendant's method of operation, intent, and knowledge that they would be perceived as threats. Any concerns about misuse of this evidence by the jury can be successfully addressed by limiting instruction given pursuant to F.R.E. 105. When considering the high relevance of the evidence and low risk of prejudice, the evidence is admissible.

In sum, the point of the F.R.E. is to "ascertain[] the truth and secur[e] a just determination." F.R.E. 102. Here, excluding weighty evidence of intent in a trial where intent is virtually the only element in contest would not only be a misapplication of the F.R.E., but would represent a disservice to truth and justice.

## CONCLUSION

The Defendant's Motion in Limine should be denied.

Respectfully submitted this 24th Day of March, 2021.

                    RAFAEL M. GONZALEZ, JR.
                    ACTING UNITED STATES ATTORNEY
                    By:

                    */s/ David G. Robins*

                    DAVID G. ROBINS
                    Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2021, the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| Dennis Benjamin<br>Nevin, Benjamin & McKay, LLP<br>PO Box 2772<br>Boise, ID 83701 | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |
|---|---|

        */s/ Laura Rodriguez*
        Legal Assistant